UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| KELVIN DUANE BURKE, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | No. 3:19-cv-01108 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| DARREN HALL, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM

Petitioner Kelvin Duane Burke, an inmate of the Davidson County Sheriff's Office, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). Burke was sentenced on May 12, 2018, in the United States District Court in Wichita, Kansas. (*Id*. at 1).[1] He alleges that the current time calculation by the Federal Bureau of Prisons (BOP) is incorrect and that he has not received the pretrial and good time credits to which he is entitled. (*Id*. at 3).

This court is authorized to issue a writ of habeas corpus on behalf of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A claim about the Bureau of Prison's (BOP) failure to award sentence credit can be addressed in a Section 2241 petition. *United States v. Westmoreland*, 974 F.2d 736, 737-38 (6th Cir. 1992). The Rules Governing Section 2254 Cases apply to habeas petitions filed under 28 U.S.C. § 2241. Rule 1(b), § 2254 Rules. Under Rule 4, Rules Governing Section 2254 Cases, the court is required to review a petition filed under Section 2241 promptly and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

---

[1] He also appears to be waiting for trial on Tennessee state criminal charges. (Doc. No. 1 at 1).

relief in the district court." The court's preliminary review under Rule 4 reveals at least one potential deficiency with the instant petition: the petitioner has not exhausted administrative remedies.

Burke indicates in his petition that he has not appealed a decision, filed a grievance, or sought an administrative remedy about the sentencing credit issues he raises in his petition. (Doc. No. 1 at 3). He states that "[t]he facility and case management staff informed me that there was no assistance, nor grievance remedy available at this facility to address my complaint." (*Id.*) Further, he states that "[t]here is no administrative remedy available because I am not at a Bureau institution." (*Id*. at 4).

Exhaustion of administrative remedies within the BOP is a jurisdictional prerequisite to seeking court review of the BOP's sentence credit calculation. *Westmoreland*, 974 F.2d at 737-38; *see also Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (per curiam) ("It is well settled that federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted."); *see Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017) (dismissal of a Section 2241 petition is proper where petitioner failed to exhaust his remedies through the BOP's administrative remedy program).

It is apparent on the face of Burke's habeas corpus petition that he did not exhaust his administrative remedies by requesting pretrial and good time credits toward his federal sentence and receiving a final decision from the BOP. He alleges that a staff member told him that there is no administrative remedy available to him because he is not currently confined in a federal facility, after which he did not make any effort to pursue any remedy through the BOP. Because Burke has failed to exhaust his administrative remedies, his Section 2241 petition will be dismissed

without prejudice to his ability to refile upon exhaustion. *See Settle*, 2017 WL 8159227, at *2 (affirming the district court's dismissal of Section 2241 petition where petitioner argued that he was not required to exhaust his administrative remedies through the BOP because "pursuit of 'administrative relief from the [BOP] . . . [did] not apply to him' because he [wa]s not currently confined in a federal facility").

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. U.S. Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal in forma pauperis in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In the instant case, any appeal would not be taken in good faith because the petitioner has not exhausted his administrative remedies. It is therefore certified, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge